UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | NO. 4:05-CV-00209-JEG-CFB |
| | : | |
| vs. | : | |
| | : | REPORT AND RECOMMENDATION |
| WALTER S. BROWN, | : | ON MOTION TO DISMISS |
| DIANE K. BROWN, | : | |
| STATE BANK OF BROOKS, | : | |
| TODD DOWNING, | : | |
| BURDEAN RUTH BROWN, | : | |
| ROD BELDING, | : | |
| STATE OF IOWA - Department of | : | |
| Revenue and Finance | : | |
| | : | |
| Defendants. | : | |

   This matter comes before the Court on the Request To Be Dismissed As Defendant In This Action Prior To Any Further Litigation Or Rulings Made By This Court (Clerk's No. 65), filed November 14, 2008, by Defendant Burdean Ruth Brown.  Plaintiff, the United States of America, filed no Response to the Motion, and has requested no extension of time to respond. The Court held a hearing on March 6, 2009.  The Court considers this matter fully submitted.

   This case was referred to the undersigned on February 12, 2009, for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  After carefully considering the record, the Court finds and recommends as follows on the issues presented.

1

## BACKGROUND AND DISCUSSION

In its Amended Complaint, the U.S. alleges that, acting through the Farm Service Agency (formerly Farmers Home Administration (FmHA)), it made several loans to Defendants Walter Brown and Diane Brown secured by a mortgage on real estate located in Adams County, Iowa, and by security instruments.  The U.S. claims that Walter Brown and Diane Brown have failed to pay the loan installments of principal and interest when due, that the U.S. has accelerated the indebtedness and demanded payment in full, and that the government has not received the payment due.  The Amended Complaint also lists as Defendants Burdean Ruth Brown, Todd Downing, the State Bank of Brooks, Rod Belding, and the State of Iowa, Department of Revenue and Finance.  The government claims these defendants might claim an interest in the property at issue.  Regarding Burdean Ruth Brown specifically, the U.S. alleges she may claim an interest pursuant to a January 30, 2004, financing statement, purporting to secure a 10-year "farm cash lease" of the real estate at issue.  (Am. Compl. at ¶ (11)(c)).

The U.S. seeks judgment *in rem* against the mortgaged real estate of Walter Brown and Diane Brown, foreclosure on the mortgage, a declaration that the government's mortgage is a valid prior lien on the property, and a judicial sale under 28 U.S.C. §§ 2001-2004.  The U.S. further asks that its security instruments be declared a valid prior lien on the personal property described in the instruments, that the security instruments be foreclosed, and that the personal property described be sold as provided by law and directed by the Court.  The U.S. asks the Court to declare that all of the defendants' interests in the real estate and personal property at issue are junior and inferior to the government's mortgage and security instruments.

In her present Motion, Burdean Ruth Brown requests the Court to dismiss all the claims against her on the basis that she "has no monetary interest in this Court proceeding."  (Req. Dismiss at 1.)  She cites the following statement in Plaintiffs' Memorandum in Support of Motion for Summary Judgment:  "However, Burdean Ruth Brown's interest in the mortgaged real estate was only that of a tenant, and her Answer is primarily in defense of the main Defendants.  The lease between Walter S. Brown and Burdean Ruth Brown was terminated by the receiver in 2006." *Id.* (quoting Mem. Supp. Mot. Summ. J. at 3-4).

The Court construes Burdean Ruth Brown's Motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a court accepts all facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 163-65 (1993)*; Farm Credit Serv. of America v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir.), *cert. denied*, 124 S. Ct. 178 (2003). A motion to dismiss should not be granted unless the plaintiff can prove no set of facts entitling him to relief. *Kottschade*, 319 F.3d at 1040.

The U.S. has filed no Response and admits that Burdean Ruth Brown has no interest in the property at issue, because her only interest in the mortgaged real estate was that of a tenant, and her tenant's lease with Walter Brown has been terminated. (Pl.'s Reply Defs.' Disputed Facts at 5; Mem. Supp. Mot. Summ. J. at 3-4.) At the March 6 hearing, the government stated that it did not oppose Burdean Ruth Brown's motion to dismiss the claims against her.

The Court respectfully recommends that the U.S.'s claims against Burdean Ruth Brown be dismissed, because it appears beyond doubt that the government can prove no set of facts that would entitle it to relief on its claim that Burdean Ruth Brown may claim an interest in the property at issue in this case.

**RECOMMENDATION AND ORDER**

IT IS RESPECTFULLY RECOMMENDED, under 28 U.S.C. § 636(b)(1)(B), that Defendant Burdean Ruth Brown's Request To Be Dismissed As Defendant In This Action Prior To Any Further Litigation Or Rulings Made By This Court (Clerk's No. 65) be **granted** for the reasons discussed above, and that Plaintiff's claims against Defendant Burdean Ruth Brown be dismissed.

IT IS ORDERED that the parties have until April 3, 2009, to file written objections to this Report and Recommendation, under 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam);

*Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993). The Court will freely grant such extensions. *Martin v. Ellandson*, 122 F. Supp. 2d 1017, 1025 (S.D. Iowa 2000). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and set forth the basis for such objections. *See* Fed.R.Civ.P. 72; *Thompson*, 897 F.2d at 357; *Martin*, 122 F. Supp. 2d at 1025. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) (citing *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994)).

    **IT IS SO ORDERED**.

    Dated this 12th day of March, 2009.

CELESTE F. BREMER  
UNITED STATES MAGISTRATE JUDGE